```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR J. BRAY,                  )
                                 )
     Petitioner,                 )
                                 )
        v.                       )   Civil Action No. 05-871
                                 )   Judge Hardiman
SUPERINTENDENT SHANNON et al.,)      Magistrate Judge Caiazza
                                 )
     Respondents.                )
```

**ORDER**

AND NOW, this 23rd of August, 2005;

IT IS HEREBY ORDERED that the United States Marshal shall make service of this order, together with a copy of the Petition for Writ of Habeas Corpus upon the Respondent Superintendent Shannon, the District Attorney of Armstrong County and the Attorney General of the Commonwealth of Pennsylvania, costs to be advanced by the United States of America.

IT IS FURTHER ORDERED that within twenty (20) days of service of this order, the Respondent and the District Attorney of Armstrong County, Pennsylvania, shall respond to the allegations of the petition for writ of habeas corpus.  The District Attorney shall address all of the following: 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);[1]  2) the exhaustion of state court remedies as required by 28 U.S.C. §§

---

[1] If Respondents are certain that AEDPA's statute of limitations does not apply, they need not address this issue.  However, failure to address this issue may result in waiver of this defense. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR J. BRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-871 |
| ) | Judge Hardiman |
| SUPERINTENDENT SHANNON *et al.*,) | Magistrate Judge Caiazza |
| ) | |
| Respondents. ) | |

**ORDER**

AND NOW, this 23rd of August, 2005;

IT IS HEREBY ORDERED that the United States Marshal shall make service of this order, together with a copy of the Petition for Writ of Habeas Corpus upon the Respondent Superintendent Shannon, the District Attorney of Armstrong County and the Attorney General of the Commonwealth of Pennsylvania, costs to be advanced by the United States of America.

IT IS FURTHER ORDERED that within twenty (20) days of service of this order, the Respondent and the District Attorney of Armstrong County, Pennsylvania, shall respond to the allegations of the petition for writ of habeas corpus. The District Attorney shall address all of the following: 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);[1]  2) the exhaustion of state court remedies as required by 28 U.S.C. §§

---

[1] If Respondents are certain that AEDPA's statute of limitations does not apply, they need not address this issue.  However, failure to address this issue may result in waiver of this defense. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR J. BRAY,        )<br>                       )<br>     Petitioner,      )<br>                       )<br>        v.             )<br>                       )<br>SUPERINTENDENT SHANNON *et al.*,)<br>                       )<br>     Respondents.      ) | Civil Action No. 05-871<br>Judge Hardiman<br>Magistrate Judge Caiazza |

**ORDER**

AND NOW, this 23rd of August, 2005;

IT IS HEREBY ORDERED that the United States Marshal shall make service of this order, together with a copy of the Petition for Writ of Habeas Corpus upon the Respondent Superintendent Shannon, the District Attorney of Armstrong County and the Attorney General of the Commonwealth of Pennsylvania, costs to be advanced by the United States of America.

IT IS FURTHER ORDERED that within twenty (20) days of service of this order, the Respondent and the District Attorney of Armstrong County, Pennsylvania, shall respond to the allegations of the petition for writ of habeas corpus.  The District Attorney shall address all of the following: 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);[1]  2) the exhaustion of state court remedies as required by 28 U.S.C. §§

---

[1] If Respondents are certain that AEDPA's statute of limitations does not apply, they need not address this issue.  However, failure to address this issue may result in waiver of this defense. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR J. BRAY,                )
                               )
     Petitioner,               )
                               )
        v.                     )    Civil Action No. 05-871
                               )    Judge Hardiman
SUPERINTENDENT SHANNON et al.,)     Magistrate Judge Caiazza
                               )
     Respondents.              )
```

**ORDER**

AND NOW, this 23rd of August, 2005;

IT IS HEREBY ORDERED that the United States Marshal shall make service of this order, together with a copy of the Petition for Writ of Habeas Corpus upon the Respondent Superintendent Shannon, the District Attorney of Armstrong County and the Attorney General of the Commonwealth of Pennsylvania, costs to be advanced by the United States of America.

IT IS FURTHER ORDERED that within twenty (20) days of service of this order, the Respondent and the District Attorney of Armstrong County, Pennsylvania, shall respond to the allegations of the petition for writ of habeas corpus.  The District Attorney shall address all of the following: 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);[1]  2) the exhaustion of state court remedies as required by 28 U.S.C. §§

---

[1] If Respondents are certain that AEDPA's statute of limitations does not apply, they need not address this issue.  However, failure to address this issue may result in waiver of this defense. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ARTHUR J. BRAY,                )
                               )
     Petitioner,               )
                               )
        v.                     )   Civil Action No. 05-871
                               )   Judge Hardiman
SUPERINTENDENT SHANNON *et al.*,)  Magistrate Judge Caiazza
                               )
     Respondents.              )

**ORDER**

AND NOW, this 23rd of August, 2005;

IT IS HEREBY ORDERED that the United States Marshal shall make service of this order, together with a copy of the Petition for Writ of Habeas Corpus upon the Respondent Superintendent Shannon, the District Attorney of Armstrong County and the Attorney General of the Commonwealth of Pennsylvania, costs to be advanced by the United States of America.

IT IS FURTHER ORDERED that within twenty (20) days of service of this order, the Respondent and the District Attorney of Armstrong County, Pennsylvania, shall respond to the allegations of the petition for writ of habeas corpus.  The District Attorney shall address all of the following: 1) the statute of limitations, 28 U.S.C. § 2254(d)(1)-(2);[1]  2) the exhaustion of state court remedies as required by 28 U.S.C. §§

---

[1] If Respondents are certain that AEDPA's statute of limitations does not apply, they need not address this issue.  However, failure to address this issue may result in waiver of this defense. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

2254(b) & (c) and <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>United States ex rel. Trantino v. Hatrack</u>, 563 F.2d 86 (3d Cir. 1977); <u>Zicarelli v. Gray</u>, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted and 3) the merits of the petition.  The answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The District Attorney shall furnish this court with the state court records, including all transcripts, all briefs filed by petitioner, and all written opinions of the state courts/agencies as well as certified copies of the docket sheets of all the state courts/agencies involved.

   IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
U.S. Magistrate Judge

cc:
ARTHUR J BRAY, III, ED-3332
SCI Frackville
1111 Altamonte Blvd
Frackville, PA 17931-2699

2254(b) & (c) and Picard v. Connor, 404 U.S. 270 (1971); Rose v. Lundy, 455 U.S. 509 (1982); United States ex rel. Trantino v. Hatrack, 563 F.2d 86 (3d Cir. 1977); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted and 3) the merits of the petition.  The answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The District Attorney shall furnish this court with the state court records, including all transcripts, all briefs filed by petitioner, and all written opinions of the state courts/agencies as well as certified copies of the docket sheets of all the state courts/agencies involved.

 IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                              s/Francis X. Caiazza
                                              Francis X. Caiazza
                                              U.S. Magistrate Judge

cc:
ARTHUR J BRAY, III, ED-3332
SCI Frackville
1111 Altamonte Blvd
Frackville, PA 17931-2699

2254(b) & (c) and <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>United States ex rel. Trantino v. Hatrack</u>, 563 F.2d 86 (3d Cir. 1977); <u>Zicarelli v. Gray</u>, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted and 3) the merits of the petition.  The answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The District Attorney shall furnish this court with the state court records, including all transcripts, all briefs filed by petitioner, and all written opinions of the state courts/agencies as well as certified copies of the docket sheets of all the state courts/agencies involved.

   IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

<pre>
                                    s/Francis X. Caiazza
                                    Francis X. Caiazza
                                    U.S. Magistrate Judge
</pre>

cc:
ARTHUR J BRAY, III, ED-3332
SCI Frackville
1111 Altamonte Blvd
Frackville, PA 17931-2699

2254(b) & (c) and <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>United States ex rel. Trantino v. Hatrack</u>, 563 F.2d 86 (3d Cir. 1977); <u>Zicarelli v. Gray</u>, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted and 3) the merits of the petition.  The answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The District Attorney shall furnish this court with the state court records, including all transcripts, all briefs filed by petitioner, and all written opinions of the state courts/agencies as well as certified copies of the docket sheets of all the state courts/agencies involved.

    IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                              s/Francis X. Caiazza
                                              Francis X. Caiazza
                                              U.S. Magistrate Judge

cc:
ARTHUR J BRAY, III, ED-3332
SCI Frackville
1111 Altamonte Blvd
Frackville, PA 17931-2699

2254(b) & (c) and Picard v. Connor, 404 U.S. 270 (1971); Rose v. Lundy, 455 U.S. 509 (1982); United States ex rel. Trantino v. Hatrack, 563 F.2d 86 (3d Cir. 1977); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted and 3) the merits of the petition.  The answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The District Attorney shall furnish this court with the state court records, including all transcripts, all briefs filed by petitioner, and all written opinions of the state courts/agencies as well as certified copies of the docket sheets of all the state courts/agencies involved.

   IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
U.S. Magistrate Judge

cc:
ARTHUR J BRAY, III, ED-3332
SCI Frackville
1111 Altamonte Blvd
Frackville, PA 17931-2699