IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR J. BRAY, III ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-871 |
| ) | |
| SUPERINTENDENT SHANNON ) | |
| et al., ) | |
| ) | Judge Thomas M. Hardiman |
| Respondents. ) | |
| ) | Magistrate Judge |
| ) | Francis X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Amended Petition for Writ of Habeas Corpus filed by Arthur J. Bray III be dismissed, without prejudice, because he has failed to exhaust state court remedies. Also, it is recommended that a Certificate of Appealability likewise be denied.

**II. REPORT**

The Petitioner, Arthur J. Bray III ("Bray"), is a state prisoner incarcerated at the State Correctional Institution at Frackville, Pennsylvania. Presently pending before this Court is his Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 8).

**A.   Relevant Procedural History**

In October 1999, a jury empaneled by the Court of Common

1

Pleas of Armstrong County, Pennsylvania, convicted Bray of multiple sex offenses committed against his minor stepchildren. The Honorable Joseph A. Nickleach sentenced Bray to a period of not less than ten years nor more than twenty years imprisonment.

Bray, through counsel, challenged his judgment of sentence to the Superior Court of Pennsylvania. On March 29, 2004, the Superior Court affirmed the decision of the trial court. He did not seek discretionary review in the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final thirty days later, on or about April 28, 2004. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On March 21, 2005, Bray filed a timely *pro se* petition in the Court of Common Pleas seeking relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA")[1]. Judge Nickleach appointed counsel to represent Bray. That proceeding is currently pending.

On June 13, 2005, Bray filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania. The Honorable John E. Jones III transferred the case to this Court. On September 8, 2005, Bray filed the Amended Petition for Writ of

---

[1] 42 Pa. Cons. Stat. § 9541, *et seq.*

Habeas Corpus. (Doc. 8).

## B. Legal Analysis

Bray acknowledges that his amended petition contains both exhausted and unexhausted claims, *i.e.*, it is a "mixed petition."² In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court of the United States held that, when presented with a mixed petition, the district court must dismiss the petition without prejudice so that the petitioner can return to state court to exhaust the unexhausted claims. Id. at 522 ("because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, . . . a district court must dismiss habeas petitions containing . . . unexhausted claims[.]") It is therefore recommended that the Court dismiss the Amended

---

² A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust" the remedies available in state court. 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Once a petitioner's federal claims have been fairly presented to the state courts and those proceedings conclude, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

Petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. Id.

In lieu of dismissal without prejudice, Bray requests that the Court stay this action while he proceeds with the PCRA action that is currently pending before the Court of Common Pleas of Armstrong County. Although a district court may, under limited circumstances, hold a federal habeas case in abeyance pending the completion of state court remedies, see Rhines v. Weber, 544 U.S. 269 (2005), such circumstances are not present in this case. A district court may exercise its discretion and hold a habeas case in abeyance pending the outcome of state court proceedings, if dismissing a mixed petition without prejudice will effectuate a dismissal *with* prejudice because any subsequent federal petition will be untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year limitations period. See Benchoff v. Colleran, 404 F.3d 812, 820 n.6 (3d Cir. 2005); Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004). That concern is not at issue in this case, however. As noted above, Bray's judgment of sentence became final on April 28, 2004. Thus, all things being equal, AEDPA's one-year statute of limitations would have expired on or about April 28, 2005. However, Bray's March 2005 PCRA petition tolled, and continues to toll, AEDPA's limitation period. 28 U.S.C. § 2244(d)(2) ("properly filed" applications for PCRA relief that are pending during AEDPA's limitations period

4

will statutorily toll that limitations period.)[3] As a result, dismissal of Bray's amended petition without prejudice does not jeopardize his ability to file a timely federal habeas corpus petition at the conclusion of his state PCRA proceedings.

### III. CONCLUSION

It is recommended that, pursuant to 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Amended Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE. It is further recommended that a certificate of appealability should not issue, because "jurists of reason" would not find the correctness of this procedural ruling "debatable." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[3] The Respondents acknowledge that Bray's PCRA petition was timely filed and qualifies as a "properly filed" application for post-conviction relief, thereby tolling AEDPA's limitations period. (Doc. 12 at 12).

```
                            /s/ Francis X. Caiazza
                            FRANCIS X. CAIAZZA
Dated: June 8, 2006         United States Magistrate Judge


cc:   The Honorable Thomas M. Hardiman

      All parties of record
```